UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ALFRED SILVA**<br>    **LA. DOC #112315**<br>**V.** | **CIVIL ACTION NO. 11-cv-1233**<br>**SECTION P**<br><br>**JUDGE TRIMBLE** |
| **RICKY L. MOSES, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Alfred Silva, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 20, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and he is incarcerated at the C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. However, he complains of incidents that occurred when he was a pre-trial detainee at the Beauregard Parish Jail (BPJ). He names the following as defendants herein: City of DeRidder Sheriff Ricky L. Moses; Beauregard Parish Jail Warden Galbreath; and, the unnamed deputies that were on duty the night of the incident in question.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For

---

[1] Pursuant to this court's amend order [doc. 8], filed on January 23, 2012, plaintiff filed an amended complaint [doc. 11], on February 23, 2012, wherein he dismissed Beauregard Parish Sheriff's Department; Georgia Casualty Insurance Co., City of DeRidder Mayor Ron Roberts; and, the Beauregard Police Jury. Plaintiff also dismissed his conspiracy claims and his request for punitive damages. Plaintiff's amendment cured some, but by no means all, of the deficiencies noted in the amend order.

the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Plaintiff states that on October 9, 2009, he was housed in Trustee Dorm I in the Beauregard Parish Jail. He claims that at approximately 3:30 a.m. inmates assaulted him by throwing an acid type of liquid on him causing blindness. Following the incident, an unknown deputy arrived on the scene and instructed him to lie on the floor until an ambulance arrived. While waiting for the ambulance, plaintiff states that he was in pain but that BPJ did not have medical services or assistance available. The ambulance arrived at 4:10 a.m., at which time he was transported to the hospital. Plaintiff remained at the hospital for five days after which he returned to BPJ. Upon his return, he was placed in segregation for two months and claims that he was denied access to legal services and material.

Plaintiff contends that the conditions in BPJ were unsafe, including poor sight lines, no cameras, lack of inmate supervision, improper staff training, and insufficient security protocols. He also contends that in an attempt to cover up the assault, the defendants delayed his medical care. Plaintiff further claims that the Sheriff and Deputies were negligent in allowing an inmate to have access to the acidic liquid and that the BPJ officers' actions following the incident were inadequate. In addition, he alleges that this type of incident had occurred at BPJ in the past, thus, the Sheriff and Warden knew that a substantial risk of harm existed.

### *Law and Analysis*
#### I.     Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may

be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state viable claims.  His amended complaint remedied only some of the noted deficiencies.  Thus, accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## II.     Denial of Medical Care

Plaintiff's complaint fails to show a violation of his constitutional rights, including his claim for denial of medical care.

The standard to apply in analyzing a denial of medical care claim asserted by a detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission."  *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996)).  The Fifth Circuit has analyzed cases involving the alleged denial of adequate medical care to an arrestee under the episodic act standard.  *See*

*Nerren v. Livingston Police Dept.*, 86 F.3d 469 (5th Cir. 1996).  Under this standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights."  *Id.* at 473.  This is the same standard applicable to convicted prisoners, that is, the denial or delay of medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials.  *Hare*, 74 F.3d at 643 & 650.

"Deliberate indifference is an extremely high standard to meet."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).  Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind."  *Estelle*, 429 U.S. at 105-06; *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  The plaintiff must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need.  *Domino*, 239 F.3d at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).  "[T]he failure to alleviate a significant risk that the official <u>should have perceived</u>, but did not is insufficient to show deliberate indifference."  *Domino*, 239 F.3d at 756. (emphasis supplied) (citation and quotation omitted).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001).

The Fifth Circuit Court of Appeals has stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981). The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti*, 958 F.2d. 91 (5th Cir. 1992).

Despite the fact that plaintiff filed an amended complaint, he has failed to allege facts sufficient to establish deliberate indifference. In fact, in his amended complaint, plaintiff shows that an ambulance was called shortly after the incident and that he received treatment within 35 minutes. He was then treated in the hospital for five days. Plaintiff's claims of delayed, denied, or inadequate medical care are insufficient to establish that a constitutional violation has occurred.

Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed.

### III.   *Failure to Protect*

As previously noted, plaintiff was a pretrial detainee at the time of the incident on which he bases this claim. The Fifth Circuit has held "that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). Thus, regardless whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to being harmed by another inmate, such as those alleged by plaintiff in this case. *See id.*; *Hamilton v. Lyons*, 74

F.3d 99, 104 n. 3 (5th Cir.1996).  Here, although plaintiff alleges that he was exposed to harm by prison officials' acts or omissions, he fails to state a claim cognizable under Section 1983.

Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm.  Further, plaintiff must establish that the defendant possessed a culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "Mere negligence or a failure to act reasonably is not enough.  The officer must have the subjective intent to cause harm."  *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

In this case, it cannot be concluded that prison officials unconstitutionally exposed plaintiff to a substantial risk of serious harm.  The incident occurred suddenly and without warning at three o'clock in the morning.  Plaintiff has not shown that the defendants had any reason to suspect that the unknown inmates who attacked him posed any known or anticipated threat to him before the assault.  Plaintiff did not allege that there was a history known to defendants of prior incidents between plaintiff and the other inmates.  Further, plaintiff did not allege that he had submitted any written grievance forms concerning the other inmates or that he did orally complained to anyone prior to the assault.

Based on the above, plaintiff's claim that prison officials violated his constitutional rights by failing to protect him from harm must be dismissed.

### IV. *Failure to Train*

Plaintiff also asserts that the defendant officers were inadequately trained.

The Supreme Court has held that the inadequacy of training amounts to a constitutional violation only where the failure to train amounts to deliberate indifference to the rights of those persons with whom the inadequately trained officers come into contact. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). Further, the deprivation suffered as a result of the alleged failure to train must be a constitutional one. *See Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 119 (1992).

The Fifth Circuit has held that in a case involving failure to train or supervise, the plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). The court went on to explain that deliberate indifference meant "a conscious choice to endanger constitutional rights" and that the proof of deliberate indifference generally requires more than a single instance of the lack of training or supervision causing a violation of constitutional rights. *Id*. at 274-75. In addition, the Fifth Circuit has held that a claim of failure to train presupposes an underlying constitutional violation. *See Perryman v. Bloomfield*, 69 Fed.Appx. 659 (5th Cir. 2003) (unpublished) (citing *City of Canton*, 489 U.S. at 385).

In this case, there is no underlying constitutional violation as plaintiff has failed to show that the harm which came to him was the result of deliberate indifference to his safety. In the absence of an underlying constitutional violation, he cannot maintain a cause of action for inadequate training or supervision.

## V.  *Negligence*

As previously noted, "to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The deprivation must be intentional as negligent conduct cannot serve as the basis for a § 1983 claim.  *See Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)).

In the present case, plaintiff alleges that the defendants were negligent as they failed to prevent the unknown attackers from obtaining the chemical that was thrown on him.  Doc. 11, p. 6-7.  Claims to recover damages resulting from the alleged negligence of defendants are not cognizable under §1983.  Such claims are redressed under the general tort provisions of Louisiana law as negligence claims.  *See* LA CIV. CODE ANN. art. 2315.

To the extent that plaintiff seeks redress on the basis of the defendants' negligence; he has failed to state a claim for which relief may be granted.

## VI.  *Supervisory Capacity*

Also, plaintiff has not shown that defendants Moses and Galbreath were personally involved in the act causing the alleged constitutional deprivation, nor has he shown that the defendants implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.  *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).  Thus, even if plaintiff had stated a claim against the other named defendants, his claims against Moses and Galbreath would be subject to dismissal.

### VII.     *Access to Court Claim*

Plaintiff claims that he was denied access to legal material for the two months that he was in segregation. He alleges that he needed the material to help him take the proper measures to make a complaint. Doc. 11, p. 5. In this action, plaintiff's claims do not rise to the level of a constitutional violation.

In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). A prisoner's right of access is not unlimited, "[i]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id*. at 310-311 (quoting *Lewis v. Casey*, 518 U.S. 343 (1996)).

Prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis*, 518 U.S. at 356 ("[o]f course, we leave it to prison officials to determine how best to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"). The Supreme Court in *Lewis*, explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury"--i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Id.* at 351; *see also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

In the present case, plaintiff has not demonstrated that he has been hindered in his ability to pursue a legal claim. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot

raise a claim of denial of access to the courts and his claims should be dismissed for failing to state a claim upon which relief can be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

**ADDITIONALLY**, in accordance with this recommendation, it is also found that plaintiff's Motion to Assign this Case for Trial [doc. 13], is **DENIED** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule Of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE